**Joseph POLCHA, Plaintiff**

v.

**AT & T NASSAU METALS CORP., et al., Defendants.**

No. 3:CV–93–0503.

United States District Court, M.D. Pennsylvania.

Oct. 18, 1993.

Robert J. Sugarman, Sugarman & Associates, Philadelphia, PA, for plaintiff.

Stephen G. Morrison, Richard H. Willis, L. Walter Tollison, Joseph M. Melchers, Nelson Mullins Riley & Scarborough, Columbia, SC, Cody H. Brooks, James J. Wilson, Kreder, Brooks, Hailstone & Ludwig, Scranton, PA, for defendants AT & T Nassau Metals Corp., American Tel. and Tel. Co., Joseph T. Chikowski and John S. Williams.

Joel Schneider, Manta and Welge, Philadelphia, PA, for defendants James Perazzo and McLaren–Hart.

Walter T. Grabowski, Hourigan, Kluger, Spohrer & Quinn, Wilkes–Barre, PA, for defendant Myron Brenner.

### *MEMORANDUM*

McCLURE, District Judge.

### *BACKGROUND* :

This action, originally filed in the Court of Common Pleas of Luzerne County, Pennsylvania, was removed to this court by defendants AT & T Nassau Metals Corp. ("AT & T Nassau"), American Telephone & Telegraph Co. ("AT & T"), Joseph Chikowski and John Williams. Plaintiff alleges a cause of action against defendants for disposal of hazardous materials at a site in Foster Township, Luzerne County.

Before the court is a motion filed by plaintiff to remand the case to the Court of Common Pleas. According to plaintiff, the court lacks original jurisdiction over the subject matter of the case, and so it was improperly removed. Plaintiff also has moved for sanctions for the allegedly improper removal.

While plaintiff is correct that the case was improperly removed to this court and remand is appropriate, we do not agree that sanctions should be imposed. The motion to remand will be granted, and the case will be remanded to the Court of Common Pleas of Luzerne County. The motion for sanctions will be denied.

### *DISCUSSION*:

#### *1. Motion for Remand*

Removal of the instant case to this court is governed by 28 U.S.C. § 1441. Subsection (a) of that statute allows for the removal by the defendant(s) of any case over which the district court has original jurisdiction. Under subsection (b), such a case if removable if there is diversity of citizenship or for a claim or right "arising under the Constitution, treaties or laws of the United States ..." This language tracks the language of 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

In the instant case, there is clearly no diversity, and so the case is removable only if at least one of plaintiff's claims "aris[es] under" federal law.

Plaintiff's original complaint (two amended complaints were stricken by the court by order dated June 16, 1993) alleges six state, common-law causes of action: (1) negligence; (2) strict liability; (3) nuisance; (4) trespass; (5) intentional infliction of mental and emotional distress and injury; and (6) negligent infliction of mental and emotional distress and injury. However, even though state law creates a cause of action, a case might still "arise under" federal law if a well-pleaded complaint establishes that the right to relief requires resolution of a substantial

question of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). The question in the instant case, then, is whether plaintiff's complaint alleges a cause of action requiring resolution of a substantial question of federal law.

The crux of defendants' argument for federal jurisdiction is that plaintiff's complaint alleges negligence *per se*, in that the claims of negligence include allegations that defendants violated provisions of federal environmental laws. *See* Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. §§ 9601 et seq.; Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 et seq.; Complaint ¶¶ 8, 10, 13, 14, 19, 24, 27, 39, 40, and 43. While defendants raise arguments based upon a number of cases, the controlling precedent appears to be *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). In that case, as in the instant case, the primary issue was "whether the incorporation of a federal standard in a state-law private action, when Congress has intended that there not be a federal private action for violations of that federal standard, makes the action one 'arising under the Constitution, laws, or treaties of the United States, . . .'" *Id.* at 805, 106 S.Ct. at 3230 (citation omitted).

It should be emphasized that the Third Circuit Court of Appeals has held that, when a state law cause of action incorporates a federal statutory standard, a private federal remedy for a violation of the federal statute is a *prerequisite* for finding federal question jurisdiction. *Smith v. Industrial Valley Title Insurance Co.*, 957 F.2d 90, 93 (3d Cir.), *cert. denied sub nom. Com. Land Title Insurance Co. v. Burns*, — U.S. —, 112 S.Ct. 3034, 120 L.Ed.2d 903 (1992). Therefore, defendants' other arguments for a finding of federal question jurisdiction will not be addressed at length.

■ We turn first to defendants' contention that CERCLA and RCRA expressly provide for a private cause of action, so that there is clearly a substantial federal question. While these statutes certainly provide for private causes of action, those causes of action are limited to recovery of response costs under CERCLA and to enforce compliance under RCRA. *See* 42 U.S.C. §§ 9613(h), 9607(a); 42 U.S.C. § 6972(a). Therefore, there is no private cause of action under either CERCLA or RCRA to recover damages for personal injuries suffered as a result of violations of those statutes.

In fact, by specifically limiting recovery to the enumerated remedies, Congress was manifesting its intent to limit the federal interest to clean-up and compliance costs. *Cf. United States v. Rohm and Haas Co.*, 2 F.3d 1265 at 1269, 1270 (3d Cir.1993) (RCRA's "primary purpose is regulatory: to regulate the storage, transportation, and disposal (STD) of hazardous wastes through a permit system"; "CERCLA's primary purpose is remedial: to clean up hazardous waste sites"). In short, while private causes of action may exist under RCRA and CERCLA, the remedy sought by plaintiff is not available under those statutes. To hold otherwise would be to state that a federal district court has jurisdiction over any state claim, such as nuisance or negligence, involving a release of any substance covered by these statutes and their regulations, a broad brush-stroke which we decline to apply.

In support of their contention that there is a private cause of action under RCRA and CERCLA, defendants point to *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, No. 3:91–2560–17 (D.S.C. filed February 13, 1993) (Defendant's Brief in Opposition, Exhibit A), in which the District Court of South Carolina so found. First, that case is distinguishable because, while the court found private causes of action for RCRA, *id.* at 8, and CERCLA, *id.* at 9, the court also noted that the obstacles to recovery under RCRA for the plaintiffs in *Mulcahey* were *procedural*, while in the instant case they are *substantive*. Further, the court noted, "That the plaintiff have not met these more *substantive* requirements [of CERCLA] weighs *against* federal jurisdiction because the congressional intent is for these plaintiffs not to get into court until they have done so." *Id.* at 9 (emphasis added).

In the instant case, defendants do not argue that, but for certain procedural obstacles, plaintiff could have brought an action under RCRA and/or CERCLA. The obstacle to recovery is substantive: despite an alleged violation of those statutes, plaintiff cannot recover under them because no remedy exists.

Moreover, if *Mulcahey* is to be read as stating that federal jurisdiction exists whenever a statutory scheme provides a private cause of action, even one unrelated to the action brought by a plaintiff, we must respectfully disagree for the reasons set forth above.

■ Having determined that plaintiff's cause of action was not expressly created by RCRA or CERCLA, we turn to the question of whether a cause of action is implicit in the statutes. The factors to be examined to determine the existence of an implicit cause of action are: (1) whether plaintiff is a member of the class of persons for whose special benefit the statute was enacted; (2) whether there is an indication of legislative intent either to create a remedy or to deny a remedy; (3) whether a cause of action would be consistent with the legislative scheme; and (4) whether the cause of action is one traditionally relegated to the states. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). *See also Merrell Dow, supra*, 478 U.S. at 810–811 and n. 8, 106 S.Ct. at 3233 and n. 8, and cases cited therein. As set forth above, it is clear that Congress intended the right of recovery under RCRA and CERCLA to be limited to ensuring compliance and response costs. Each of the four *Cort* factors weighs against an implicit federal cause of action.

To summarize, then, no private cause of action for damages due to personal injury is expressly created by RCRA or CERCLA, and none is impliedly created. In fact, the express language of these statutes limits recovery and prohibits recovery for personal injury, demonstrating a clear legislative intent.

The Supreme Court stated in *Merrell Dow, supra* at 814, 106 S.Ct. at 3235, "We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *See also Merrell Dow, supra*, at 814–815 n. 12, 106 S.Ct. at 3235–3236 n. 12 (distinguishing cases in which the issue is the constitutionality of a federal statute and cases in which the issue is the violation of a federal statute as an element of a state law cause of action, with the former being "substantial"). Defendants' arguments regarding the concern for uniform interpretation of RCRA and CERCLA also were answered in *Merrell Dow, supra*, at 816, 106 S.Ct. at 3236: "Petitioner's concern about the uniformity of interpretation, moreover, is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action." (Footnote omitted.)

Based upon the Supreme Court's decision in *Merrell Dow, supra*, we conclude that there is no substantial federal issue raised within plaintiff's state-law-based cause of action sufficient to warrant original jurisdiction in a federal district court.

Further support for this position is to be found in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), a case in which the jurisdictional statute in question was 28 U.S.C. § 1338, but in which the Supreme Court expressly applied the same standard as that for § 1331. *Id.* at 808–809, 108 S.Ct. at 2173–2174.

*Christianson* involved a jurisdictional dispute between the Seventh Circuit Court of Appeals and the Court of Appeals for the Federal Circuit. The case, involving antitrust claims, was first appealed to the Federal Circuit, which concluded that it did not have jurisdiction and transferred the case to the Seventh Circuit. *Id.* at 806, 108 S.Ct. at 2172. The Seventh Circuit transferred the case back to the Federal Circuit, stating that the Federal Circuit's decision was "clearly wrong." *Id.* The Federal Circuit heard the

case in the interest of justice, despite believing that the Seventh Circuit was "clearly wrong." *Id.* at 807, 108 S.Ct. at 2172.

The Federal Circuit has exclusive appellate jurisdiction over any case "arising under" the patent laws of the United States. *See* 28 U.S.C. § 1292(a)(1), (c)(1). The petitioners' complaint stated in part that the respondent's patents were invalid, and so the petitioners were entitled to use certain trade secrets, and that the respondents' efforts to prevent such use violated antitrust laws. *Christianson, supra,* 486 U.S. at 805, 108 S.Ct. at 2172. Since suit was brought originally in the United States District Court for the Central District of Illinois (the district court had original jurisdiction pursuant to § 1338), the Seventh Circuit would have had jurisdiction over an appeal unless the original claim "arose under" the federal patent laws, in which case the Federal Circuit would have jurisdiction.

The Supreme Court held that the Federal Circuit did not have jurisdiction because the patent-law issue was not an essential part of an entire claim made by the petitioner. Instead, a review of the complaint indicated that the patent-law issue was relevant only to one of the petitioner's theories of recovery. *Id.* at 810–813, 108 S.Ct. at 2174–2176.

In the same way, even if defendants in the instant case were found not to have violated any federal statute, plaintiff might still be entitled to recover under an alternative theory. For example, in paragraphs 18 and 19 of the complaint, plaintiff does not limit the hazardous chemicals allegedly present on his land to those covered by CERCLA. Therefore, recovery could be had through proof that defendants were the cause of the presence of some chemical other than those which CERCLA would prohibit. Moreover, it is conceivable that defendants could be negligent without a violation of CERCLA or RCRA. In short, negligence *per se* under RCRA and CERCLA is only one of plaintiff's theories of recovery, so that the federal issue raised thereby is not substantial pursuant to *Christianson, supra.*

Based upon all of the foregoing, we conclude that this court would not have original jurisdiction pursuant to § 1331, so that re-

moval was improper under 28 U.S.C. § 1446. While consolidation of the instant case with *Rohrbach v. AT & T Nassau Metals Corp.,* No. 3:CV–89–1268 (M.D.Pa.), would certainly further the ends of judicial economy, the court is without jurisdiction to do so.

### 2. *Notion for Sanctions*

■ Plaintiff seeks the imposition of sanctions pursuant to Fed.R.Civ.P. 11. The removal or the arguments made in defendants' brief in opposition to the motion for remand were neither frivolous nor made in bad faith, since defendants had substantial arguments for federal jurisdiction. No Rule 11 sanctions will be imposed.

\*     \*     \*

An appropriate order will issue.

### *ORDER*

For the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

1. Plaintiff's motion (record document no. 15) for remand is granted.

2. The case is remanded to the Court of Common Pleas of Luzerne County.

3. Plaintiff's motion (record document no. 15) for sanctions is denied.

4. The clerk is directed to close the case file.