29 F.3d 148
 39 ERC 1721
 Patrick M. MULCAHEY; Anna Mulcahey; Albert Parsons; Ruth
L. Parsons, Individually and as representatives of
a class of persons similarly situated,
Plaintiffs-Appellants,
v.
COLUMBIA ORGANIC CHEMICALS COMPANY, INCORPORATED; M.B. Kahn
Construction Company, Incorporated; Charles T. Kwiakowski;
Arthur Foster; Robert Wolfe; W.W. Wannamaker; Stephen S.
Reichlyn; Max G. Gergel, Defendants-Appellees,
and
E.I. Dupont De Nemours, Defendant.
 No. 92-1527.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 12, 1994.
Decided July 11, 1994.
 
 ARGUED: Frederick Steven Longer, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, for appellants. Timothy William Bouch, Young, Clement, Rivers & Tisdale, Charleston, SC, for appellees. ON BRIEF: Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA; Richard J. Lippes, Charles M. Tebutt, Allen, Lippes & Shonn, Buffalo, NY; J. Lawrence Duffy, Jr., Morrison & Duffy, Charleston, SC, for Appellants.
 Jonathan L. Yates, Young, Clement, Rivers & Tisdale, Charleston, SC, for appellees.
 Before RUSSELL, WILKINS and HAMILTON, Circuit Judges.
 Reversed and remanded with instructions by published opinion. Judge HAMILTON wrote the opinion, in which Judge RUSSELL and Judge WILKINS joined.
 OPINION
 HAMILTON, Circuit Judge:
 
 
 1
 The plaintiffs-appellants, Patrick Mulcahey, Anna Mulcahey, Albert Parsons, and Ruth Parsons, individually and as representatives of an uncertified class of persons similarly situated (collectively referred to as "the Plaintiffs"), are residential and commercial landowners within a one and one-half mile radius of Columbia Organic Chemicals Company, Inc.'s (Columbia Organic) plant on Drake Street in Columbia, South Carolina. They appeal the district court's decision finding federal subject matter jurisdiction based on their reference to federal environmental statutes in their state law negligence per se claim. For the reasons stated herein, we reverse and remand with instructions that the case be remanded to the state court.
 
 
 2
 * The Plaintiffs filed their complaint for damages and injunctive relief on July 24, 1991, in South Carolina state court alleging that the defendants[1] negligently operated the Drake Street chemical plant by releasing hazardous substances into the soil, air, and groundwater in the vicinity of their property, thus creating grave threats, both economic and physical, to the Plaintiffs. The four count complaint alleged South Carolina tort law claims: Count I--negligence; Count II--abnormally dangerous activities; Count III--private nuisance; and Count IV--injunction.
 
 
 3
 On August 23, 1991, DuPont (joined by the other defendants) removed the action from the state court to the United States District Court for the District of South Carolina. On August 26, 1991, DuPont amended its notice of removal to assert that, although Gergel had not yet been served, his counsel would consent to removal.[2] Following service upon Gergel, however, no formal consent was ever filed by him.
 
 
 4
 DuPont's amended removal petition asserted that the Plaintiffs' amended complaint raised federal questions sufficient to confer original jurisdiction on the court below pursuant to 28 U.S.C. Sec. 1331. In addition, Columbia Organic specifically asserted in joining the removal petition that the alternative negligence theory of negligence per se, for violations of various enumerated federal, state, and local laws, raised federal questions in Count I. The relevant allegations in Count I of the Plaintiffs' amended complaint alleged as follows:
 
 
 5
 THIRTY: The acts and omissions of Defendants violated applicable disposal and safety standards and notice provisions established by Federal, State and Local law, including, inter alia, the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. Sec. 6901 et seq., Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. Sec. 9601 et seq., Toxic Substances Control Act ("TSCA"), 15 U.S.C. Sec. 2601, et seq., Federal Water Pollution Control Act ("FWPCA"), 33 U.S.C. Sec. 1251, et seq., and the Clean Air Act ("CAA"), 42 U.S.C. Sec. 7401.
 
 
 6
 THIRTY-ONE: By reason of the foregoing, Defendants are guilty of negligence per se and are liable for the resulting injuries suffered by Plaintiffs.
 
 
 7
 (J.A. 34A-35A).
 
 
 8
 RCRA authorizes "any person" to bring a civil action against anyone who violates orders, permits, or other RCRA-based requirements, or against anyone "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. Sec. 6972(a). CERCLA concerns response, cleanup, notification, and liability for releases of hazardous substances into the environment. Under CERCLA, a private party may bring an action to recover response costs from a responsible party. The FWPCA authorizes private rights of action against anyone violating an effluent standard or limitation established under the FWPCA or an order concerning such a standard of limitation. 33 U.S.C. Sec. 1365. The TSCA deals with the manufacture, processing, disposal, distribution, and treatment of PCBs. 15 U.S.C. Sec. 2619(a). Finally, the CAA authorizes "any person" to sue anyone who violates a CAA emissions standard or limitation or an order issued under such a standard or limitation and anyone who builds or plans to build a major emitting facility without the necessary permits. 42 U.S.C. Sec. 7604.[3]
 
 
 9
 The Plaintiffs disputed removal jurisdiction by filing a motion to remand. On December 19, 1991, the United States Magistrate Judge filed his recommendation to the district court recommending that the case should be remanded because, "the mere citation by the plaintiffs of federal statutes which specify relief of far less than the total relief sought by the plaintiffs does not transform this case into one that must be tried in federal court...." (J.A. 149A).
 
 
 10
 Columbia Organic filed objections to the magistrate judge's recommendation to remand the case to state court. On February 13, 1992, the district court rejected the magistrate judge's recommendations, finding instead that, "[a]lthough the federal issues in this case are not essential to the plaintiffs' claims," the district court could retain jurisdiction over the case. (J.A. 186A). Admitting that the Supreme Court decisions on this issue are "muddled," (J.A. 181A), the district court found that the unmistakable implication of Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), was that a private right of action under a federal statute was sufficient for a federal court to retain jurisdiction. (J.A. 185A). Noting that the environmental statutes at issue create private causes of action, the district court admitted, however, that the Plaintiffs could not proceed under any of the environmental statutes at issue "because [he had] failed to comply with the requirements of the statutes." (J.A. 185A).[4] Nevertheless, the district court rejected the magistrate judge's recommendation.[5]
 
 
 11
 On February 28, 1992, the court below heard argument on whether an interlocutory appeal should be granted on its jurisdictional finding. The district court found that the criteria of 28 U.S.C. Sec. 1292(b) had been met and entered an order to that effect on March 2, 1992.
 
 
 12
 On March 12, 1992, the Plaintiffs petitioned this court to allow an interlocutory appeal from the district court's February 13, 1992 Order. We granted the Plaintiffs' petition on May 15, 1992.
 
 II
 
 13
 Whether the instant action falls within federal subject matter jurisdiction is a pure question of law which we review de novo. See Mylan Laboratories, Inc. v. Akzo, 2 F.3d 56, 60 (4th Cir.1993); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1667, 118 L.Ed.2d 388 (1992). The burden of establishing federal jurisdiction is placed upon the party seeking removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). If federal jurisdiction is doubtful, a remand is necessary. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993); Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F.Supp. 1098, 1102 (D.S.C.1990). The right to remove a case from state to federal court derives solely from 28 U.S.C. Sec. 1441, which provides in relevant part:
 
 
 14
 (a) ... any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 
 
 15
 In this case, there is no allegation of diversity of citizenship between the parties. Accordingly, the propriety of removal depends on whether the case falls within the provisions of 28 U.S.C Sec. 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
 
 
 16
 In determining whether an action presents a federal question under Sec. 1331, a court must first discern whether federal or state law creates the cause of action. Most of the cases brought under Sec. 1331 federal question jurisdiction "are those in which federal law creates the cause of action." Merrell Dow, 478 U.S. at 809, 106 S.Ct. at 3233. In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction. Id. If, however, state law creates the cause of action, as in the instant case, we apply a different test. In this instance, federal question jurisdiction depends on whether the plaintiff's demand "necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983) (emphasis added). See Merrell Dow, 478 U.S. at 809, 106 S.Ct. at 3232-33.
 
 
 17
 In deciding whether federal subject matter jurisdiction exists in the instant case, we fortunately have two recent Supreme Court decisions construing Sec. 1331 "arising under" jurisdiction.
 
 
 18
 * In Merrell Dow, the plaintiff alleged that the defendants' misbranding of a drug in violation of the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. Sec. 301, established a rebuttable presumption of negligence in his state law products liability action. On the defendants' petition, the district court removed the action from state court, holding that the plaintiff's reliance on the defendants' violation of the FDCA made the action one "arising under" federal law. 478 U.S. at 805, 106 S.Ct. at 3230-31. The FDCA, however, provided no private right of action. The Court in Merrell Dow found that the congressional determination not to provide a private cause of action under the federal statute constituted a "congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." Id. at 814, 106 S.Ct. at 3235. The Merrell Dow Court also cited with approval the passage from Justice Frankfurter's dissenting opinion in Textile Workers v. Lincoln Mills, 353 U.S. 448, 470, 77 S.Ct. 923, 928, 1 L.Ed.2d 972 (1957), defining the proper test for federal question jurisdiction as "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." Merrell Dow, 478 U.S. at 813 n. 11, 106 S.Ct. at 3234 n. 11. Therefore, under Merrell Dow, if a federal law does not provide a private right of action, a state law action based on its violation does not raise a "substantial" federal question. See Utley v. Varian Assoc., Inc., 811 F.2d 1279, 1283 (9th Cir.), cert. denied, 484 U.S. 824, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987).
 
 
 19
 That is not to say that the presence of any private federal remedy would in all instances suffice to establish federal question jurisdiction. On the contrary, the Merrell Dow court held that there is no "single precise definition" of Sec. 1331 "arising under" jurisdiction, 478 U.S. at 808, 106 S.Ct. at 3232, and that "[f]ar from creating some kind of automatic test, Franchise Tax Board thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." Id. at 813, 106 S.Ct. at 3234. In fact, the Merrell Dow court referred with approval to Justice Cardozo's emphasis on principled, pragmatic distinctions:
 
 
 20
 "What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law and its treatment of causation ... a selective process which picks the substantial causes out of the web and lays the other ones aside."
 
 
 21
 Id. at 814, 106 S.Ct. at 3235 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 117-18, 57 S.Ct. 96, 99-100, 81 L.Ed. 70 (1936)). In instances in which a private federal remedy does exist, the ultimate question under Merrell Dow is whether Congress intended that such an action, based on state law but incorporating a violation of federal law, be brought in federal court. Id.; Clark v. Velsicol Chemical Corp., 944 F.2d 196, 199 (4th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992).
 
 
 22
 Applying the principles set forth in Merrell Dow and examining the federal environmental statutes at issue, we find no congressional intent that federal question jurisdiction exists in the instant case for several reasons. First, as the Plaintiffs correctly argue, they cannot avail themselves of any remedy provided by the federal environmental statutes. The compensatory damages remedy sought in the complaint is not available under these environmental statutes at issue.[6] We find support for the Plaintiffs' argument in Merrell Dow:
 
 
 23
 When we conclude that Congress has decided not to provide a particular federal remedy, we are not free to "supplement" that decision in a way that makes it "meaningless." ... See also California v. Sierra Club, 451 U.S. at 297, 101 S.Ct. [1775] at 1781 [68 L.Ed.2d 101 (1981) ] ("the federal judiciary will not engraft a remedy on a statute, no matter how salutary, that Congress did not intend to provide").
 
 
 24
 Merrell Dow, 478 U.S. at 812 n. 10, 106 S.Ct. at 3234 n. 10. Second, the Plaintiffs note that they are either procedurally or substantively barred from proceeding under any of the environmental statutes cited in their complaint. Because the Plaintiffs could not proceed under any of these environmental statutes, and because the remedy sought is unavailable here, a "private cause of action" under Merrell Dow does not, in truth, exist. Therefore, we are constrained to conclude that the Plaintiffs' inability to proceed under these statutes constitutes a "congressional conclusion that the presence of a claimed violation of the statute[s] as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." Id. at 814, 106 S.Ct. at 3235. The Plaintiffs' citation of federal environmental statutes which provide for a private federal remedy is simply not enough to show congressional intent that we exercise federal jurisdiction. Accordingly, the district court erred in finding federal subject matter jurisdiction.
 
 B
 
 25
 We find further support for our conclusion in the Supreme Court's recent decision in Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In Christianson, the Court was faced with determining whether a claim was one "arising under any Act of Congress relating to patents" for purposes of federal subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1338(a). The Court noted that resolution of this question was governed by the same principles applicable in determining "arising under" jurisdiction for Sec. 1331 purposes. Id. at 807, 108 S.Ct. at 2173. The petitioners' complaint stated that the respondent's patents were invalid so that the petitioners were entitled to use certain trade secrets, and that the respondents' efforts to prevent such use violated antitrust laws. Id. Petitioners' antitrust count encompassed both a monopolization claim under Sec. 2 of the Sherman Act and a group-boycott claim under Sec. 1 of the Sherman Act. Id. The Supreme Court noted that the patent law issue was only essential to one of several theories under which the petitioner could prove its monopolization claim or its group-boycott claim. Id. at 811-14, 108 S.Ct. at 2175-77. Finding that the case did not "arise under" federal patent law, the Supreme Court held that "a claim supported by alternative theories in the complaint may not form the basis for Sec. 1338(a) jurisdiction unless patent law is essential to each of those theories." Id. at 810, 108 S.Ct. at 2174. Accordingly, Christianson teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist. Id. at 811, 108 S.Ct. at 2175.[7] Examination of the complaint in the instant case reveals that the negligence per se claim citing the federal environmental statutes was only an alternative theory of liability under the Plaintiffs' negligence claim contained in Count I. (J.A. 31A-35A).[8] Even if Columbia Organic was found not to have violated any federal statute, the Plaintiffs might still be entitled to recover under an alternative theory of negligence. For example, paragraph twenty-seven of the complaint also alleges negligence in the violation of state and local environmental laws. (J.A. 62A-64A). Further, the district court admitted that "the federal issues in this case are not essential to the plaintiffs' claims ..." (J.A. 186A). In short, negligence per se under the federal environmental statutes is only one of the Plaintiffs' numerous theories of recovery, so that the federal issue raised thereby is not substantial pursuant to Christianson. Thus, in light of the principles enunciated above, we find that, because the Plaintiffs' alternative theory of negligence per se is not "essential" to their negligence theory, no federal subject matter jurisdiction exists.
 
 
 26
 Columbia Organic argues that our decision in Clark, 944 F.2d at 198, precludes our reliance on Christianson. We disagree. In Clark, the plaintiffs charged that the defendants were negligent in packaging and labeling chordane, a chemical, in that federal regulations governing the packaging, shipping, and labeling of hazardous materials were not complied with. See 29 C.F.R. Secs. 1900-1999 (1990); 49 C.F.R. Secs. 171-80 (Hazardous Materials Regulations) (1990). Noting that the plaintiffs had no private right of action under Titles 29 and 49, we held that, as in Merrell Dow, no federal subject matter jurisdiction existed. In response to the plaintiffs' argument that Merrell Dow was not controlling because the plaintiffs there alleged numerous alternative theories of negligence and thereby rendered the federal question nonessential, we pointed out that the distinction was without a difference: "The decision in Merrell Dow turned on the lack of congressional intent to create a private cause of action, and not on the number of theories of negligence." Clark, 944 F.2d at 199. Accordingly, we merely corrected the plaintiffs' misinterpretation of Merrell Dow. Our holding neither applied nor affected Christianson.
 
 III
 
 27
 In summary, we find that the Plaintiffs' reference to federal environmental statutes in their state common law negligence action cannot support federal subject matter jurisdiction in the instant case. Accordingly, we reverse and remand with instructions that the action be remanded to state court.
 
 
 28
 REVERSED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 The defendants-appellees are Columbia Organic; its officers and directors, i.e., defendants Charles T. Kwiakowski, Arthur Foster, Robert Wolfe, W.W. Wannamaker, Steven S. Reichlyn; M.B. Kahn Construction Company; and E.I. DuPont DeNemours, Inc. (DuPont) (Collectively referred to as "Columbia Organic"). On July 31, 1993, the Plaintiffs filed an amended complaint to add an additional defendant, Max Gergel (Gergel), who was an officer and director of Columbia Organic
 
 
 [2]
 On June 21, 1993, DuPont was dismissed from this action. We dismissed DuPont as a party to this appeal on May 2, 1994
 
 
 [3]
 None of these statutes, however, provides for compensatory damages as sought by the Plaintiffs
 
 
 [4]
 The Plaintiffs had not met the procedural requirements for proceeding under RCRA, TSCA, FWPCA, or CAA; they were substantively barred from proceeding under CERCLA
 
 
 [5]
 In its opinion, the district court pointed out that the clear mandate of these federal environmental statutes was to "complement the state schemes, not override them." (J.A. 177A)
 
 
 [6]
 The district court acknowledged that the Plaintiffs could not receive the damages they seek pursuant to these federal statutes. (J.A. 181A)
 
 
 [7]
 The district court decision in the instant case has been rejected by another district court. See, e.g., Polcha v. AT & T Nassau Metals Corp., 837 F.Supp. 94 (M.D. Pa.1993). In Polcha, the plaintiffs' complaint alleged a state law claim of negligence per se, which included allegations that the defendants violated provisions of CERCLA and RCRA. Id. at 96. The Polcha court rejected the defendant's arguments that, because CERCLA and RCRA expressly provided a private cause of action, there was clearly a substantial federal question. The Polcha court went on to point out that, while those statutes provided for private causes of action, those causes of action were limited to recovery of response costs under CERCLA and enforcement of compliance under RCRA. Therefore, the district court noted, there was no private cause of action under either statute to recover damages for personal injuries suffered--which the plaintiffs sought--as a result of violations of those statutes. Moreover, the Polcha court noted that negligence per se was only one of the plaintiffs' theories of recovery so that the federal issue was not substantial under Christianson. Id. 837 F.Supp. at 98. Accordingly, no federal question jurisdiction existed
 
 
 [8]
 Only two paragraphs out of 54 in the amended complaint even refer to federal law, and those two paragraphs only highlight federal standards to support a South Carolina common law claim of negligence per se