Bertrand CABANA, Plaintiff,

v.

Keith L. FORCIER, KNA Trucking Co., Inc., Dart Trucking Co., Inc., DartAmericA, Inc., and Ensco, Inc., Defendants.

No. CIV.A. 99–40071–NMG.

United States District Court, D. Massachusetts.

June 20, 2001.

Jacques G. Simon, Anderson & Simon, New York City, Preston W. Halperin, Scechtman Halperin Savage, LLP, Providence, RI, for Plaintiff.

Ann L. Palmieri, Law Office of Ann L. Palmieri, Boston, MA, Glenn E. Deegan, Stephen S. Young, Daniel K. Hampton, Dianne R. Phillips, Holland and Knight, Boston, MA, for Defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff, Bertrand Cabana ("Cabana"), brought this suit to recover damages for injuries allegedly caused by exposure to hazardous materials. Pending before this court are defendants' motions for summary judgment (Docket Nos. 64 and 66). In the process of considering those motions, however, it has come to the attention of this Court that it does not have subject matter jurisdiction over the causes of action and the Amended Complaint will therefore be dismissed.

## I. *Background*

Apparently working as an independent contractor, Cabana was employed from 1994 to 1997 as a long distance truck driver by defendant Keith L. Forcier ("Forcier") d/b/a KNA Trucking Company, Inc. ("KNA"). Forcier has operated KNA, which is a truck leasing business, since approximately 1993. Pursuant to various equipment leases, KNA provided trucks and independent contract drivers for those trucks to defendant Dart Trucking Company, Inc. ("Dart"), a wholly-owned subsidiary of defendant DartAmericA, Inc. ("DartAmericA"). Between October, 1994 and April, 1996, Cabana hauled hazardous materials and hazardous waste (hereinafter referred to as "hazardous materials") in trailers for Dart. He claims that he picked up the hazardous materials either at a pickup site designated by Dart in Oxford, Massachusetts or directly from various generators of such materials. Cabana often delivered the hazardous materials to a waste disposal facility in Eldorado, Arkansas operated by defendant Ensco, Inc. ("Ensco").

Cabana alleges that, in addition to transporting hazardous materials, he was assigned various duties by Dart employees such as 1) loading and unloading drums which contained hazardous materials, 2) periodically stopping during trips to make sure the hazardous materials were not leaking or spilling, 3) performing "emergency response services" (i.e. observing, identifying and containing leaks and spills of hazardous waste inside the trailers he hauled), and 4) sweeping the inside of empty trailers at Ensco's waste disposal facility.

On April, 8, 1999, Cabana filed a complaint against the defendants which was subsequently amended. The Amended Complaint alleges that as a result of his exposure to hazardous materials he has suffered various permanent physical injuries which have prevented him from working at his full capacity. In particular, Cabana cites six instances during which he was exposed to hazardous materials, beginning in October, 1994 and culminating with the most severe exposure in February, 1996. *See* Plaintiff's Concise Statement of Material Disputed Facts, ¶¶ 69–136. He claims to have developed, *inter alia*, multiple chemical sensitivity, neurotoxicity and high blood pressure. He demands compensatory and punitive damages.

In Count I, Cabana claims that the defendants breached their duty 1) to provide him with adequate training regarding the transportation of hazardous materials, 2) to monitor and characterize the hazards present inside trailers before directing him to enter those trailers to identify, contain, stop and sweep hazardous materials, 3) to provide him with proper protective equipment, monitoring equipment and training regarding the handling of leaks and spills of hazardous materials as required by federal and state law, and 4) to provide him with medical surveillance and monitoring, preferably by an occupational exposure physician, before and after directing him to enter contaminated trailers.

Cabana also alleges in Count I that Ensco breached its duty 1) to sweep and clean trailers used to transport hazardous materials to the Ensco facility in Eldorado, Arkansas before they were picked up by him, 2) to advise him of the procedure it used to clean contaminated trailers, 3) to provide him with the proper level of protective equipment and with adequate training for sweeping hazardous materials, and 4) to monitor every trailer swept by him and advise him of the hazards presented by the residue of hazardous materials.

In Count II, Cabana claims that the defendants knowingly, willfully and in-

tentionally exposed him to hazardous materials without the proper protective equipment, training and monitoring. He requests punitive damages pursuant to M.G.L. c. 93A, §§ 2 and 11, and the Massachusetts Hazardous Waste Management Act, M.G.L. c. 21C, §§ 5 and 10.

In Count III, Cabana contends that the defendants' actions violated federal and state laws applicable to the transport of hazardous waste and thus constitute negligence *per se.*

## II. *Analysis*

Each defendant raises lack of subject matter jurisdiction in its answer. Moreover, this court is bound to dismiss an action at any time should it determine that subject matter jurisdiction is lacking. Fed. R.Civ.P. 12(h)(3).

The Amended Complaint asserts federal question jurisdiction on the ground that Cabana's claims arise under the following federal laws: 1) the Hazardous Materials Transportation Uniform Safety Act of 1990 ("HMTUSA"), 49 U.S.C. § 5101 *et seq.* and the regulations issued thereunder, 49 C.F.R. Part 171 *et seq.*, 2) the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* and the regulations issued thereunder, 40 C.F.R. Part 262 *et seq.*, and 3) 29 C.F.R. Part 1910, a regulation issued pursuant to the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651 *et seq.*

None of the counts of the Amended Complaint specifically cites any of those statutes and regulations. Count I (negligence) simply asserts that defendants owed Cabana a duty of care "as more particularly provided in the applicable laws of the United States . . . and the regulations promulgated pursuant to the same." Amended Complaint, ¶¶ 26 and 29. Similarly, Count III (negligence *per se* ) refers

obliquely to "the laws, statutes and regulations of the United States . . . ." Amended Complaint, ¶ 57. It is therefore clear that Counts I and III rely on federal statutes to establish the standard of care for Cabana's state law negligence claims.

When federal law does not create the cause of action, a case may still "arise under" federal law for purposes of federal question jurisdiction "where the vindication of a right under state law necessarily turn[s] on some construction of federal law . . . ." *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Pleading violation of a federal statute as an element of a state law cause of action is insufficient to confer federal question jurisdiction, however, when that statute does not provide for a private cause of action. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). The United States Supreme Court has noted:

> The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated. For the ultimate import of such a conclusion, as we have repeatedly emphasized, is that it would flout congressional intent to provide a private federal remedy for the violation of the federal statute. We think it would similarly flout, or at least undermine, congressional intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a "rebuttable presumption" or "proximate cause" under state law, rather than a federal action under federal law.

*Id.* at 812, 106 S.Ct. 3229. According to a leading commentator, after *Merrell Dow,*

no federal statute lacking an express or implied private cause of action can form the basis for federal question jurisdiction. Erwin Chemerinsky, *Federal Jurisdiction* § 5.3 at 285 (3d ed.1999). Application of *Merrell Dow* to the instant case reveals that this Court lacks federal question jurisdiction.[1]

The HMTUSA clearly contains no provision expressly authorizing private suits nor does it create an implied private right of action. *Borough of Ridgefield v. New York Susquehanna & Western R.R.,* 810 F.2d 57, 58–61 (3d Cir.1987); *Galjour v. General American Tank Car Corp.,* Civ. A. No. 87–5003, 1991 WL 121193, at *1 (E.D.La. June 24, 1991). Accordingly, incorporation of the HMTUSA into a state negligence action to establish the standard of care is insufficient to confer federal question jurisdiction. *Clark v. Velsicol Chem. Corp.,* 944 F.2d 196, 197–99 (4th Cir.1991), *cert. denied,* 502 U.S. 1096, 112 S.Ct. 1173, 117 L.Ed.2d 418 (1992).[2]

Unlike the HMTUSA, the RCRA provides for a private cause of action. 42 U.S.C. § 6972(a). That cause of action, however, merely allows an individual to enforce compliance with the RCRA and regulations issued thereunder. There is no express or implied private cause of action to recover damages for personal injuries suffered as a result of violations of the RCRA. *Mulcahey v. Columbia Organic Chemicals Co.,* 29 F.3d 148, 152 (4th Cir.1994); *Walls v. Waste Resource Corp.,* 761 F.2d 311, 315–16 (6th Cir.1985); *Polcha v. AT & T Nassau Metals Corp.,* 837

F.Supp. 94, 96–97 (M.D.Pa.1993). Accordingly, when, as here, plaintiffs seek damages for personal injury, incorporation of the RCRA into a state negligence action to establish the standard of care is also insufficient to confer federal question jurisdiction. *Mulcahey,* 29 F.3d at 152–53; *Polcha,* 837 F.Supp. at 97.

Moreover, Cabana's negligence claims do not rely solely on the HMTUSA and the RCRA to establish the standard of care. In addition to federal law, Counts I and III also allege negligence in violation of Massachusetts statutes and regulations including the Massachusetts Hazardous Waste Management Act, M.G.L. c. 21C. Amended Complaint, ¶¶ 26, 29 and 57. When a state law cause of action is supported by alternate theories, federal law must be essential to each of those theories to confer federal question jurisdiction. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Because the HMTUSA and the RCRA are not essential to Cabana's negligence claims, there is no substantial federal issue on which to base federal question jurisdiction.

Count II (M.G.L. c. 21C and c. 93A) cites a specific OSHA regulation, 29 C.F.R. § 1910.120(q), but only for definitional purposes rather than to establish a standard of conduct. Cabana claims that Dart engaged in deceptive trade practices in violation of Chapter 93A by ostensibly employing him to haul hazardous materials and then requiring him to perform the function of "emergency responder techni-

---

1. Because Cabana is a Rhode Island resident and defendant KNA is a Rhode Island corporation, this Court also lacks diversity jurisdiction. *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 67–68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)(complete diversity rule requires that the citizenship of each plaintiff be diverse from that of each defendant).

2. The cited cases deal with the Hazardous Materials Transportation Act, Pub.L. No. 93–633, 88 Stat. 2156 (1975), previously codified at 49 U.S.C.App. § 1801 *et seq.,* which was amended in 1994 by the HMTUSA. Because those cases remain good law despite the amendments, this Court adopts their reasoning as applicable to the HMTUSA.

cian" or "emergency response specialist" as defined by 29 C.F.R. § 1910.120(q). Again, OSHA does not create a private cause of action. 29 U.S.C. § 653(b)(4); *Ellis v. Chase Communications, Inc.*, 63 F.3d 473, 478 (6th Cir.1995); *see also Elliott v. S.D. Warren Co.*, 134 F.3d 1, 4 (1st Cir.1998) (collecting cases). Accordingly, under *Merrell Dow*, mere reference to a regulation issued pursuant to OSHA cannot form the basis for federal question jurisdiction. *Tullous v. Home Depot, USA, Inc.*, Civ. A. 99–1400, 2000 WL 1920037, at *3–*4 (D.Kan. Nov.29, 2000).

 Nevertheless, the Court is concerned about the possibility that Cabana's claims will be time-barred by the applicable Massachusetts statute of limitations should he choose to refile his complaint in state court. The pending motions for summary judgment rest largely on the argument that his claims are barred by the three-year statute of limitations for personal injury actions. M.G.L. c. 260, § 2A. Massachusetts applies the "discovery rule" which provides that the statute of limitations does not begin to run until the plaintiff has

(1) knowledge or sufficient notice that she was harmed and

(2) knowledge or sufficient notice of what the cause of harm was.

*Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 208, 557 N.E.2d 739 (1990). Defendants contend that Cabana knew or should have known that he was injured and the likely cause of that injury no later than February 1996, the date of the sixth and most severe hazardous materials spill he encountered. They argue that the three-year statute of

limitations had therefore run when Cabana filed his complaint on April 8, 1999.

Cabana asserts that he filed his complaint within the limitations period because he did not connect his symptoms with exposure to hazardous materials until November 20, 1997, at the earliest, when, he alleges, that connection was first suggested to him by Dr. Robban Sica.[3] If Cabana refiles in state court, even more time will have elapsed since the as yet undetermined date on which he first knew or should have known the likely cause of his harm, thus raising even higher the statute of limitations hurdle. This Court's concern is abated, however, by the possibility that the so-called "renewal statute", M.G.L. c. 260, § 32, will enable Cabana to clear that hurdle.

## ORDER

For the reasons set forth in the Memorandum above, the pending motions for summary judgment (Docket Nos. 64 and 66) are DENIED as moot, and the Amended Complaint is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

So ordered.

---

3. Were this Court to reach the issue, it would deny the motions for summary judgment to the extent they rely on the statute of limitations because there are genuine issues of material fact as to when Cabana knew or should have known the likely cause of his harm.

*Cambridge Plating Co. v. Napco, Inc.*, 991 F.2d 21, 29 (1st Cir.1993)(where, in the summary judgment context, issues of fact as to when a plaintiff knew or reasonably should have known of its claims are in dispute, that question should be answered by the trier of fact).