# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TERESA A. TOLER; ROY TOLER, SR.,
*Plaintiffs-Appellants,*

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a corporation,
*Defendant-Appellee.*

No. 00-1697

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CA-99-1018-2)

Argued: November 1, 2001

Decided: December 28, 2001

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Menis E. Ketchum, GREENE, KETCHUM, BAILEY, &
TWEEL, Huntington, West Virginia, for Appellants. Charles S. Pic-
cirillo, SHAFFER & SHAFFER, Charleston, West Virginia, for
Appellee. **ON BRIEF:** John H. Bicknell, GREENE, KETCHUM,
BAILEY, & TWEEL, Huntington, West Virginia, for Appellants.
Carl L. Fletcher, Jr., SHAFFER & SHAFFER, Charleston, West Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

This insurance coverage dispute arises out of an automobile accident that injured Teresa Toler. Because we are unable to determine, on the record before us, whether this civil action satisfies the $75,000 amount in controversy requirement for diversity jurisdiction, we vacate and remand the case to the district court with instructions to determine whether subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

### I.

The parties have stipulated to the facts. J.A. 19-21. Felicia Johnson brought her car, which was in need of repair, to M & R Autoworks, a business owned by Roy Toler, Sr. While at M & R, Johnson's car had to be taken to a Huntington, West Virginia dealership for further repairs. Roy Toler, Sr.'s wife, Teresa Toler, and his daughter-in-law, Martha Toler, agreed to drive Johnson's car to the Huntington dealership. During the trip to Huntington, with Martha at the wheel and Teresa in the passenger seat, a vehicle owned and operated by Paula K. Adams negligently struck Johnson's car, injuring Teresa. Adams' insurer, Dairyland Insurance Company, conceded Adams' liability and paid its $20,000 policy limit to Teresa. Johnson's insurer, State Farm Automobile Insurance Company, paid Teresa an additional $25,000 in medical payment coverage.

Teresa sought additional coverage from two State Farm Mutual Insurance Company policies: one issued to Martha and her husband (Roy Toler, Jr.), and one issued to Teresa and her husband (Roy Toler, Sr.). Each policy provided $25,000 in medical payment coverage and $100,000 in underinsured motorist coverage, and Teresa submitted claims under both coverage provisions. State Farm extended underinsured motorist coverage under Teresa's policy, but denied

underinsured motorist coverage under Martha's policy. J.A. at 7-8. State Farm also denied Teresa medical payment coverage under both policies.

Teresa and Roy Toler, Sr. then filed suit against State Farm in a West Virginia state court, seeking a declaratory judgment that Teresa is entitled to: 1) medical payment coverage under Teresa's policy, with a limit of $25,000; 2) medical payment coverage under Martha's policy, with a limit of $25,000; and 3) underinsured motorist coverage under Martha's policy, with a limit of $100,000. J.A. at 6-8; 163-74. State Farm removed to federal district court, pursuant to 28 U.S.C. § 1441, and moved for summary judgment. At summary judgment, the Tolers conceded that Teresa was not entitled to the $100,000 underinsured motorist coverage under Martha's policy. Appellant's Br. at 4. The district court then granted summary judgment to State Farm on all three of Teresa's claims. The Tolers appeal only the district court's ruling on the two $25,000 medical payment coverage provisions.

## II.

The first issue, which the parties did not discuss, is whether this case is within the subject matter jurisdiction of the federal courts. This is a diversity case, and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Because State Farm removed this case to federal court, it bears the burden of showing that federal jurisdiction has been properly invoked. *See Mulcahey* v. *Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148 (4th Cir. 1994). State Farm is unable to show, on the record before us, whether the amount in controversy exceeds $75,000, so we vacate and remand this case to the district court to give State Farm the opportunity to do so.

When a plaintiff seeks declaratory relief, the amount in controversy for purposes of section 1332 is the "value of the object of the litigation." *Hunt* v. *Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977). We must determine whether Teresa, if granted declaratory relief on all her claims, would be entitled to recover more than $75,000 from State Farm.

As to the value of Teresa's claims for medical payment coverage under the two State Farm policies, the maximum payable under those provisions is $25,000 each, for a total of $50,000. A court should not, however, automatically equate the value of Teresa's claims with the policy limits of the coverage. Of that $50,000, Teresa could only recover "reasonable medical expenses" under the medical payment coverage provisions (if she prevailed on her declaratory judgment action). J.A. at 36. Teresa alleged, in her state court complaint, that her medical expenses were "more than $39,000." J.A. at 7. Because Teresa has *already* received $25,000 of medical payment coverage under Felicia Johnson's policy, J.A. at 20, the "value" of her claims for medical payment coverage under the two State Farm policies, as best we can tell from the record, is about $14,000.

That is not enough for diversity jurisdiction, which makes Teresa's now-abandoned claim for uninsured motorist coverage under Martha's policy crucial to the jurisdictional inquiry. Martha's underinsured motorist policy covers "damages for *bodily injury* and *property damage* an *insured* is legally entitled to collect from the owner or driver of an underinsured motor vehicle." J.A. at 39 (emphasis in original). Although the policy limit under this provision is $100,000, there is no evidence or allegations regarding the extent of Teresa's "bodily injury" and "property damage" other than her $39,000 in medical bills. Moreover, State Farm has already extended $100,000 of underinsured motorist coverage to Teresa under *Teresa's* policy. J.A. at 7-8. Hence, in computing the "value" of Teresa's claim against *Martha's* underinsured motorist coverage, a court must take into account the $100,000 of underinsured motorist coverage that State Farm has extended to her. In sum, there is nothing stipulated or even alleged in the record as to whether the value of Teresa's claim for underinsured motorist coverage under Martha's policy might help this case meet the jurisdictional minimum amount in controversy.

There is a further problem in relying on Teresa's claim against Martha's uninsured motorist coverage to establish the requisite amount in controversy. This claim was so meritless that the Tolers conceded the point at summary judgment and have not argued this issue on appeal.* Appellant's Br. at 4. The district court should have

---

*Under Martha's policy, underinsured motorist coverage could only be paid to an "insured," J.A. at 39, defined as the policyholder, his spouse,

considered, *sua sponte* if necessary, whether the Tolers' repudiation of this claim, essential to establish subject matter jurisdiction, required a remand to state court. The parties will have an opportunity to fully brief and litigate this issue on remand. This is an issue that must be addressed even if State Farm can show that the "value" of Teresa's now-abandoned claim against Martha's uninsured motorist coverage, when combined with the "value" of Teresa's medical payment coverage claims, would establish an amount in controversy greater than $75,000.

## *CONCLUSION*

The Tolers filed their initial complaint in state court, so there was no need for them, at that time, to plead facts regarding the amount in controversy. State Farm, by removing this case to federal court, bears the burden of showing this court that the "value of the object of the litigation" in this declaratory judgment action exceeds $75,000, and it is unable to do so on the record before us. None of these issues was litigated or briefed before us, nor addressed by the district court below, so we vacate and remand the case to the district court with instructions to determine whether the federal courts have subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332.

*It is so ordered.*

---

any "relative," and certain persons occupying a car owned by the policyholder or being used as a temporary substitute car. J.A. at 40. The policy defines "relative" as "a person related to [the policyholder or his spouse] . . . *who lives with* [the policyholder]. J.A. at 28. Teresa did not reside with Martha, so Teresa met none of these definitions of "insured" under Martha's policy.