REBECCA BEACH SMITH, UNITED STATES DISTRICT JUDGE
This matter comes before the court on Defendant Equity Trustees, LLC's ("Equity Trustees") Motion to Dismiss and accompanying Memorandum in Support, filed on May 24, 2019, ECF Nos. 5, 7; Defendant Fay Servicing, LLC's ("Fay Servicing") Motion to Dismiss and accompanying Memorandum in Support, filed on May 25, 2019, ECF Nos. 8, 9; and Plaintiff's Motion to Remand and accompanying Memorandum in Support, filed on June 7, 2019, ECF Nos. 10, 11. Plaintiff did not file a response to Equity Trustees' or Fay Servicing's Motion to Dismiss. Fay Servicing and Equity Trustees each filed a Notice, indicating that they did not seek oral argument on their respective Motions to *641 Dismiss. ECF Nos. 12, 14. Fay Servicing filed a Memorandum in Opposition to Plaintiff's Motion to Remand on June 21, 2019. ECF No. 13. No additional briefing was provided on any of the three (3) Motions. For the reasons below, Plaintiff's Motion to Remand is DENIED , and Fay Servicing and Equity Trustees Motions to Dismiss are GRANTED .
I. BACKGROUND
The following facts are taken from Plaintiff's Complaint, ECF No. 1-1, and for the purposes of Fay Servicing and Equity Trustees Motions to Dismiss are accepted as true. See, e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). On June 21, 2006, Plaintiff entered into a mortgage loan contract in order to borrow money to purchase a home in Hampton, Virginia. Compl. ¶ 5.[1] The loan was evidenced by a promissory note, and secured by a Deed of Trust on the home. Id. Plaintiff's husband, Mr. Jerry Dupree, was also a borrower for this mortgage loan contract. Id. ¶ 14. Plaintiff and Mr. Dupree are separated, and Mr. Dupree no longer lives in the Hampton, Virginia home or contributes to the household income. Id. ¶ 15.[2] Mr. Dupree has signed a Deed of Gift, giving his interest in the Hampton, Virginia home to Plaintiff. Id. ¶ 16.[3]
In August 2018, Plaintiff fell behind on her loan payments. Id. ¶ 8. In October 2018, Plaintiff's loan was transferred to Fay Servicing from Caliber Home Loans. Id. ¶ 9.[4] After the transfer, Plaintiff did not receive any information from Fay Servicing about her loss mitigation options. Id. ¶ 10. In January 2019, Plaintiff submitted a partial payment to Fay Servicing, which payment was returned by Fay Servicing. Id. ¶ 11. In response, Plaintiff contacted Fay Servicing to inquire about her loss mitigation options. Id. ¶ 12. Fay Servicing advised Plaintiff about a loan modification option, and sent Plaintiff the necessary documents to apply for a loan modification. Id. ¶ 13.
In order to apply for a loan modification, however, Fay Servicing required Plaintiff to submit information about Mr. Dupree's income. Id. ¶ 17. Due to difficulties in communicating with her estranged husband, Plaintiff has had difficulty obtaining the requested documents. Id. ¶ 30. Fay Servicing's request for Mr. Dupree's income information, which was made in January 2019, remains outstanding. Id. Fay Servicing, in conjunction with Equity Trustees,[5] set a foreclosure sale of Plaintiff's *642 home for April 30, 2019. Id. ¶ 20.[6]
On April 24, 2019, Plaintiff filed her Complaint in the Circuit Court for the City of Hampton. Notice of Removal ¶ 1, ECF No. 1.[7] In her Complaint, Plaintiff raises three (3) claims for relief. Compl. ¶¶ 21-46. For her first two claims, Plaintiff claims that Fay Servicing has breached the Deed of Trust. Id. ¶¶ 31, 38. Plaintiff's breach claims are based on her assertion that, as a term of the Deed of Trust, Fay Servicing agreed to comply with federal mortgage regulations. Id. ¶ 22. Plaintiff asserts that Fay Servicing failed to comply with three federal mortgage regulations, 12 C.F.R. § 1024.39,[8] 12 C.F.R. § 1024.41,[9] and 12 C.F.R. § 1026.36,[10] and that such failure constitutes a breach of the Deed of Trust. Id. ¶¶ 31, 34-38. For her third claim, Plaintiff claims that Equity Trustees has breached the Deed of Trust by proceeding with a foreclosure sale of Plaintiff's home, when it knows that Fay Servicing has breached the Deed of Trust by failing to comply with the aforementioned federal mortgage regulations. Id. ¶¶ 44-46. Plaintiff claims that she is entitled to over $300,000 in damages, and that she is also entitled to a preliminary injunction to prevent the foreclosure sale of her home. Id. at p. 9 (Complaint's prayer for relief).
On May 20, 2019, Fay Servicing removed this case from the Circuit Court for the City of Hampton to this court. ECF No. 1. Fay Servicing asserts that this court has subject matter jurisdiction over this case because Plaintiff's claims are based on violations of federal mortgage regulations, raising this court's federal question jurisdiction. Id. ¶ 34. Fay Servicing also asserts that there is diversity jurisdiction, because Plaintiff has claimed over $300,000 in damages, id. ¶ 30, because there is complete diversity between Plaintiff and Fay Servicing, id. ¶¶ 14, 15, and because Equity Trustees' citizenship should not be considered for the purposes of determining complete diversity because it is a nominal party and/or has been fraudulently joined in this action, id. ¶ 17.
On May 24, 2019, Equity Trustees filed a Motion to Dismiss, arguing that Plaintiff's single claim against Equity Trustees should be dismissed pursuant to Federal Rule of Civil 12(b)(6). ECF No. 5. On May 25, 2019, Fay Servicing filed a Motion to Dismiss, similarly arguing that Plaintiff's two (2) claims against Fay Servicing should be dismissed pursuant to Rule 12(b)(6). ECF No. 8. On June 7, 2019, *643 Plaintiff filed a Motion to Remand, arguing that Fay Servicing's removal was improper because this court lacks subject matter jurisdiction over this action. ECF No. 10.
II. LEGAL STANDARD
When the court has been presented with both a motion to remand and motions to dismiss, the court will first look to the motion to remand, as the court will only consider the motions to dismiss, if it first determines that it has subject matter jurisdiction over the action. McCoy v. Norfolk S. Ry. Co., 858 F. Supp. 2d 639, 642 (S.D.W. Va. 2012) ; see Burrell v. Bayer Corp., 918 F.3d 372, 379-80 (4th Cir. 2019) (If a case " 'was not properly removed, because it was not within the original jurisdiction of the United States district courts,' then the district court [is] without jurisdiction to rule on the merits and instead [is] required to remand the action to state court.") (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ). The guiding principle of removal is that "[a] defendant may remove any action from a state court to a federal court if the case could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441 ). A defendant who removes an action to federal court bears the burden of establishing that the federal court has jurisdiction over the action, and that the removal is procedurally proper. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). When the court is presented with a motion to remand based on lack of subject matter jurisdiction, "[i]f federal jurisdiction is doubtful, a remand is necessary." Id. (citations omitted).
If federal jurisdiction is established, the court will proceed to consider the motions the dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). To evaluate a Rule 12(b)(6) motion, the court accepts facts alleged in the complaint as true, and views those facts in the light most favorable to the plaintiff. See, e.g., Venkatraman, 417 F.3d at 420.
III. MOTION TO REMAND
In support of her Motion to Remand, Plaintiff argues that this court lacks subject matter jurisdiction because Plaintiff's claims for breach of the Deed of Trust are state law claims which do not invoke this court's federal question jurisdiction. ECF No. 11 at 4. Plaintiff also argues that Equity Trustees is not a nominal party, nor has it been fraudulently joined, and therefore this case does not invoke the court's diversity jurisdiction. Id. at 3.
Plaintiff is not entitled to relief on her Motion to Remand because the claims raised in Plaintiff's Complaint clearly invoke this court's federal question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where a plaintiff asserts a state law cause of action, the court's federal question jurisdiction is nonetheless invoked if (1) "the plaintiff's right to relief necessarily depends on a question of federal law," and (2) that "question of federal law is substantial."
*644 Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (citation omitted). In making such determination, the court looks only to the "plaintiff's statement of [her] own claim," as set forth in the complaint. Flying Pigs, LLC v. RRAJ Franchising, LLC, 757 F.3d 177, 181 (4th Cir. 2014) (citation omitted).
Plaintiff's claims for relief are based on her assertions that Fay Servicing and Equity Trustees breached the Deed of Trust, which are state law causes of action. However, Plaintiff's breach claims against both Defendants are entirely based on her assertion that, as a term of the Deed of Trust, Fay Servicing agreed to comply with federal mortgage regulations. Compl. ¶ 22. Plaintiff's theory as against Fay Servicing is that Fay Servicing breached the Deed of Trust by violating federal mortgage regulations. Id. ¶¶ 31, 34-38. Plaintiff's theory as against Equity Trustees is that Equity Trustees breached the Deed of Trust because it knew about Fay Servicing's mortgage regulation violations and is proceeding with the foreclosure sale anyway. Id. ¶¶ 44-46.
Thus, although Plaintiff's claims may present certain questions of state contract law, Plaintiff's right to relief on each of her three (3) claims "necessarily depends" on the question of whether Fay Servicing, and thereby Equity Trustees, has violated federal mortgage regulations, which is a question of federal law. Moreover, given the number of federal regulations at issue, the complexity thereof, and the predominance of the federal regulations in Plaintiff's claims, the federal law questions in this case are "substantial." Pinney, 402 F.3d at 442.
Accordingly, this action invokes this court's federal question jurisdiction, and Plaintiff's Motion to Remand is therefore DENIED . Because the court concludes that there is federal question jurisdiction in this case, it is unnecessary to reach Fay Servicing's alternative jurisdictional argument that Equity Trustees was fraudulently joined to destroy diversity.
IV. MOTIONS TO DISMISS
Basically, the argument that supports the Motions to Dismiss is that the Defendants cannot have breached the Deed of Trust with Plaintiff by violating the federal mortgage regulations Plaintiff cites, since such regulations were not enacted at the time the Deed of Trust was executed in 2006. ECF No. 9 at 6. As such, the Defendants are entitled to relief on their Motions to Dismiss because Plaintiff has not stated a claim for breach of the Deed of Trust against either Defendant. Plaintiff's right to relief on each of its three (3) breach claims is based on its assertion that Plaintiff's 2006 Deed of Trust incorporates certain federal mortgage regulations, which regulations Plaintiff asserts that Fay Servicing violated, see Compl. ¶¶ 31, 34-38, and despite such violations Equity Trustees is proceeding with foreclosure, see id. ¶¶ 44-46. However, the court agrees that Plaintiff's Deed of Trust cannot incorporate federal mortgage regulations which did not exist at the time the Deed of Trust was executed.
As this court has previously held, incorporation of a federal regulation into a Deed of Trust requires that (1) the provision in the Deed of Trust purportedly incorporating the federal regulation is specific enough to make clear that the parties intended to incorporate the regulation, and (2) the federal regulation was in effect at the time the Deed of Trust was executed. Jennings v. RoundPoint Mortg. Servicing Corp., No. 2:17cv427, 2018 WL 1065107 at *3 (E.D. Va. Feb. 27, 2018) (Smith, J.) (citing Combs v. U.S. Bank Nat'l Ass'n, 1:17cv545, 2017 WL 2805494 at *4 (E.D. Va. June 28, 2017) (O'Grady, J.)).
*645 In her Complaint, Plaintiff asserts that Fay Servicing violated 12 C.F.R. § 1024.39, 12 C.F.R. § 1024.41 and 12 C.F.R. § 1026.36(c)(1). Compl. ¶¶ 24, 28, 36-37.[11] Plaintiff further asserts that her Deed of Trust was executed on June 21, 2006. Compl. ¶ 5. Title 12 C.F.R. § 1026.36 was promulgated on December 22, 2011. 76 Fed. Reg. 79,768. Title 12 C.F.R. § 1024.39 and 12 C.F.R. § 1024.41 were both promulgated on February 14, 2013. 78 Fed. Reg. 60,437. None of the regulations that Plaintiff asserts Fay Servicing violated existed at the time the Deed of Trust was executed.
Consequently, the regulations Plaintiff cites could not have been incorporated into her Deed of Trust executed on June 21, 2006. Any violations of these federal mortgage regulations, even if proved, would not constitute a breach of the Deed of Trust. This is Plaintiff's only theory as to how Fay Servicing, and thus Equity Trustees, breached the Deed of Trust. Accordingly, Fay Servicing's Motion to Dismiss is GRANTED , and Plaintiff's two (2) claims against Fay Servicing for breach of the Deed of Trust are DISMISSED . As Plaintiff's only claim against Equity Trustees also depends entirely on Plaintiff's theory that the federal mortgage regulations are incorporated into Plaintiff's Deed of Trust, Equity Trustees' Motion is also GRANTED , and Plaintiff's claim against Equity Trustees is DISMISSED .
V. CONCLUSION
For the reasons set forth above, Plaintiff's Motion to Remand, ECF No. 10, is DENIED ; Equity Trustees' Motion to Dismiss, ECF No. 5, is GRANTED ; and Fay Servicing's Motion to Dismiss, ECF No. 8, is GRANTED . The Clerk is DIRECTED to enter judgment in favor of the Defendants in accordance with this Memorandum Order.
The Clerk is further DIRECTED to forward a copy of this Memorandum Order to counsel for all parties.
IT IS SO ORDERED.

The Complaint does not state with whom Plaintiff entered into this mortgage loan contract. But see infra note 4.

The Complaint does not state when this separation occurred.

The Complaint does not state when this Deed of Gift was executed, nor does it state whether any parties approved of, or were even aware of, such Deed of Gift.

The Complaint does not state any further information about the role Fay Servicing assumed upon this transfer, nor does it state any further information about Caliber Home Loans. The court infers for the purposes of these Motions that Fay Servicing is Plaintiff's loan servicer, contractually authorized by the lender of Plaintiff's mortgage loan to exercise the lender's rights with respect to Plaintiff's promissory note and Deed of Trust. See, e.g., Compl. ¶ 10-13 (Plaintiff alleging that, after the transfer from Caliber Home Loans, Fay Servicing took actions consistent with a role as Plaintiff's loan servicer).

Although not explicitly stated in the Complaint, the court infers that Equity Trustees serves as the trustee of Plaintiff's 2006 Deed of Trust, holding certain legal rights to Plaintiff's Hampton, Virginia home in trust, specifically the right to foreclose on the home upon Plaintiff's default of the promissory note. See, e.g., Compl. ¶¶ 41-46 (Plaintiff alleging that Equity Trustees took actions consistent with a role as the trustee of Plaintiff's 2006 Deed of Trust).

The Complaint does not state when Fay Servicing and Equity Trustees set this foreclosure sale.

The date of filing with the Circuit Court does not appear on Plaintiff's Complaint, and so the court relies on the representation of Fay Servicing in its Notice of Removal that Plaintiff filed her Complaint on April 24, 2019.

Plaintiff does not cite 12 C.F.R. § 1024.39 specifically, but asserts that Fay Servicing violated 12 C.F.R. § 1024 by not making live contact with Plaintiff once she was thirty-six (36) days past on her account for the purpose of advising Plaintiff about loss mitigation options which may available to her. Compl. ¶ 24. Title 12 C.F.R. § 1024.39(a) provides that a loan servicer must make live contact with a borrower once they are thirty-six (36) days past due on their account for the purpose of advising the borrower of loss mitigation options which may be available to the borrower. Id. Thus, the court concludes that 12 C.F.R. § 1024.39 is the provision under which Plaintiff brings her claim.

Plaintiff asserts that Fay Servicing violated 12 C.F.R. § 1024.41 by referring her loan to foreclosure while the loan was still in review or on a document request. Compl. ¶ 28.

Plaintiff asserts that Fay Servicing violated 12 C.F.R. § 1026.36 by failing to credit her partial payment in January 2019. Compl. ¶¶ 36-37.

See supra notes 8-10 and accompanying text.